IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN SCOTT BROWN, ) | | |
|     Plaintiff, ) | Civil Case No. 7:21-cv-00026 | |
| ) | | |
| v. ) | | |
| ) | By: Elizabeth K. Dillon | |
| THE UNITED STATES OF AMERICA, ) |     United States District Judge | |
|     Defendant. ) | | |

| | | |
|---|---|---|
| BRIAN SCOTT BROWN, ) | | |
|     Plaintiff, ) | Civil Case No. 7:21-cv-00031 | |
| ) | | |
| v. ) | | |
| ) | By: Elizabeth K. Dillon | |
| COMMONWEALTH OF VIRGINIA, ) |     United States District Judge | |
|     Defendant. ) | | |

**MEMORANDUM OPINION**

Brian Scott Brown, an inmate at the New River Valley Regional Jail, has filed two separate complaints, which the Clerk has docketed as actions brought pursuant to 42 U.S.C. § 1983. In the first, which Brown expressly brought pursuant to § 1983, he names only the United States as a defendant; in the second, which does not reference § 1983, he names only the Commonwealth of Virginia.

The case against the United States raises a constitutional challenge to 18 U.S.C. § 4248, which allows a sexually dangerous person to be civilly committed, and to Virginia Code Ann. § 37.2-900 through § 37.2-909, Virginia's Sexually Violent Predators Act ("SVPA"), which is a similar state law. Brown argues that the statutes are criminal in nature and that "the existence of [§ 4248] is a violation" of his Fourth, Eighth, and Fourteenth Amendment rights. (No. 7:21-cv-26, Compl. 2, Dkt. No. 1.) In particular, he argues that § 4248 is a statute of "criminal procedure," pointing to its placement in Title 18 of the United States Code. Because it is

criminal in nature, his argument continues, it violates the prohibition against double jeopardy because it allows a person to be held in custody for a second time, only after a charge that already has been adjudicated and a sentence served. He likewise contends that the SVPA "derives" from § 4248 and, because it stems from an unconstitutional statute that is "void ab initio," the SVPA is likewise void or unconstitutional. He argues that the "issue is so painfully obvious that it has been continuously overlooked." (7:21-cv-26, Compl. 5, Dkt. No. 1.)

With regard to the SVPA, his complaint in Case No. 7:21-cv-31 relies heavily on *Kansas v. Crane*, 534 U.S. 407 (2002), which sets forth specific requirements that a civil commitment statute must meet in order to be constitutionally valid. He argues that Virginia's SVPA does not satisfy those requirements and thus should also be struck down as unconstitutional.

In terms of how the allegedly unconstitutional statutes were applied to him or have affected him, Brown offers little detail. He simply alleges that he "experienced a loss of liberty," under Virginia Code Ann. § 37.2-900 through § 37.2-920, from July 2016 through April 2020. He asks the court to repeal both statutes, release anyone being held pursuant to the SVPA, expunge his criminal record, release him "from probation retroactive to 2016," and award him compensatory and punitive damages for his four years of "lost wages," pain, and suffering, as well as attorney's fees.

Although his cases have been docketed as cases brought pursuant to 42 U.S.C. § 1983, it is unclear whether § 1983 is the proper procedural vehicle for bringing his constitutional challenges.[1] Regardless, though, Brown's claims fail as a matter of law. For this reason,

---

[1] Further, neither the United States nor the Commonwealth of Virginia is a proper defendant to a § 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see West v. Atkins*, 487 U.S. 42, 49 (1988) (explaining that Section 1983 requires action under color of *state* law); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475–76 (1994) (explaining the immunity of the United States absent a waiver of immunity).

described in more detail below, the court will dismiss both of these cases, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim and, as to Case No. 7:21-cv-26, because it is frivolous.

## I.  DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**A.  Challenges Based on Claim that § 4248 or Virginia's SVPA are Criminal Statutes**

As noted, Brown argues that both the federal and state statutes should be viewed as criminal statutes, but that argument has been rejected by authority binding on this court.[2] As such, the entirety of his complaint in Case No. 7:21-cv-26 is frivolous because his claims lack an arguable basis in law. *See Neitzke*, 490 U.S. at 395.

In *United States v. Timms*, 664 F.3d 436 (4th Cir. 2012), the Fourth Circuit upheld § 4248 against an Equal Protection challenge, applying rational basis review. It also affirmed that

---

[2] In addition to this court being bound by decisions of the United States Court of Appeals for the Fourth Circuit, all federal courts are bound by the interpretation of a state statute rendered by the highest court of that state. *Johnson v. Fankell*, 520 U.S. 911, 916 (1997).

3

§ 4248 "creates civil—not criminal—proceedings." *Id.* at 456. *Timms* thus rejected arguments relying on § 4248 being a criminal proceeding, including the argument that constitutional protections, such as Double Jeopardy, must be provided to individuals held pursuant to it. *Id.* at 455–56. *See also United States v. Lange*, No. CIV.A. 5:08-HC-2070, 2012 WL 3889118, at *2 (E.D.N.C. Sept. 7, 2012) (pointing to *Timms* in explaining that because § 4248 is civil in nature, commitment under it cannot violate the Constitution's Double Jeopardy Clause). Constitutional challenges to the statute itself also have been rejected by the U.S. Supreme Court. *United States v. Comstock*, 560 U.S. 126 (2010).

Similarly, the Supreme Court of Virginia has squarely held that the SVPA is not criminal in nature, *Gibson v. Commonwealth*, 756 S.E.2d 460, 461 (Va. 2014) ("[A] proceeding under the SVPA is civil . . . ."), and that it does not violate double jeopardy. *Shivaee v. Commonwealth*, 613 S.E.2d 570, 577–78 (Va. 2005).[3] In so ruling, the *Shivaee* court relied, in part, on the United States Supreme Court's decision in *Kansas v. Hendricks*, 521 U.S. 346 (1997). There, the court concluded that civil commitment under a similar state statute (Kansas's Sexually Violent Predator Act) did not violate the Double Jeopardy Clause, further noting that the Act was civil and not criminal. *Hendricks*, 521 U.S. at 364–65; *see also Seling v. Young*, 531 U.S. 250 (2001) (concluding that similar Washington statute was civil rather than criminal and thus rejecting double jeopardy challenge).

For these reasons, the factual premise of Brown's argument—that these statutes are criminal in nature, as opposed to civil—has been rejected by court decisions binding on this

---

[3] At the time *Shivaee* was decided, the SVPA was codified at Virginia Code Ann. §§ 37.1-70.1 through -70.19, so those are the statutory citations in *Shivaee*. "All of Title 37.1 of the Virginia Code was repealed in 2005 and has since become § 37.2-900." *Bragg v. Clarke*, No. 2:12-cv-161, 2013 WL 3087263, at *10 n.6 (E.D. Va. June 17, 2013); *Smith v. Commonwealth*, 694 S.E.2d 578, 579 (Va. 2010) (noting same).

4

court. Because the proceedings under these statutes are civil in nature, they cannot violate the Double Jeopardy Clause. Accordingly, the court concludes that Brown's claims in Case No. 7:21-cv-26 case are legally frivolous and must be dismissed.

## B. Other Challenges to the Constitutionality of the SVPA

Brown's second case, Case No. 7:21-cv-31, raises only a facial challenge to the constitutionality of the SVPA.[4] Specifically, he argues that it does not contain requirements that the Supreme Court has said a constitutional civil commitment statute must include. For support, he relies primarily on the Supreme Court's decisions in *Hendricks*, 521 U.S. 346, and *Kansas v. Crane*, 534 U.S. 407 (2002).[5] Specifically, Brown argues that, for a civil commitment scheme to be constitutional, it must require proof of two things that Brown says the SVPA does not require: (1) proof of an inability to control behavior; and (2) proof of a psychological diagnosis that is sufficient to distinguish the offender subject to civil commitment from the dangerous but typical recidivist.

Brown's arguments, however, are based on a misunderstanding of the SVPA, as it has been interpreted by the Supreme Court of Virginia, which interpretation is binding on this court. First of all, *Crane* did not require a complete inability to control behavior, but merely "proof of

---

[4] Nowhere does Brown argue that the SVPA was unconstitutionally or improperly applied to him; he simply argues that the Act is unconstitutional on its face.

[5] Brown also cites to *United States v. Wilkinson*, 646 F. Supp. 2d 194 (D. Mass. 2009). He claims that he is simply citing to it because it discusses *Crane* and *Hendricks* and places their requirements for a constitutional civil commitment scheme "in context." (Case No. 7:21-cv-31, Compl. 2, Dkt. No. 1.) Brown is correct that *Wilkinson* states those requirements, but the case does not otherwise support his arguments about the unconstitutionality of the SVPA. First of all, the *Wilkinson* court was dealing with an individual who had been committed pursuant to the federal statute—§ 4248. As a result, nowhere does it mention Virginia's SVPA. Moreover, in this particular decision, the court assumed that § 4248 would be held to be constitutional (an open issue before the Supreme Court at the time), but concluded that the government had failed to prove that the plaintiff was sexually dangerous and thus failed to prove that he was properly subject to civil commitment. *Id.* at 195. The bulk of the opinion is dedicated to a discussion about the evidence concerning the plaintiff before the court, which is obviously inapplicable here.

serious difficulty in controlling behavior." The *Crane* Court explained that this proof,

> when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary case.

*Crane*, 534 U.S. at 413. The *Shivaee* court directly addressed this requirement and held that the SVPA passed constitutional muster because it requires proof that a person "finds it difficult" to control his behavior and requires that the lack of volition be caused by a "mental abnormality" or "personality disorder." 613 S.E.2d at 577. Moreover, "the SVPA in its definitions and proof requirements accomplishes [the] objective" of distinguishing the dangerous sexual offender from the dangerous but typical recidivist. *Id.* at 576–77; *see also Turner v. Herrick*, No. 1:10CV871 CMH/JFA, 2011 WL 3320820, at *4 (E.D. Va. July 29, 2011), *aff'd,* 465 F. App'x 250 (4th Cir. 2012) (citing to *Shivaee* to conclude that Virginia's SVPA satisfies all of the requirements set forth in *Crane*).

Because the SVPA satisfies *Crane*'s requirements, Brown's facial challenge to the SVPA fails as a matter of law. His complaint in Case No. 7:21-cv-31 thus fails to state a claim on which relief may be granted and must be dismissed.

## II. CONCLUSION

For the foregoing reasons, the court will dismiss both cases. An appropriate order will be entered.

Entered: January 26, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

6